## INOS v. WINSPEAR, WARNER AND JONES.

IN suit on an account against "Randall & Inos," partners, the former only being served with a process, a joint judgment was rendered against both: *Held*, that the judgment is void as against the party not served.

*Held further*, that where the execution on such joint judgment directed the officer "to levy of the goods and chattels, lands and tenements of the said *judgment debtors*," said sum, etc., the officer is authorized to seize the individual as well as joint property of the judgment debtors; and hence, that where the officer seized and sold under such execution the individual property of the party not served with process, the Justice of the Peace issuing the writ, and the plaintiff therein—at whose request it was issued, who took part in the proceedings and received the proceeds of the sale—are each liable to the party not served in damages for the seizure.

APPEAL from the Eleventh District.

In 1857, Warner & Shoufeld brought suit in a Justice's Court against Randall & Inos—the claim filed as the basis of the suit being in this form:

"RANDALL & INOS          TO WARREN & SHOUFELD,     Dr.
    To balance on account....................$89.32."

The summons was served on Randall only. On the day of trial, plaintiffs being present and defendants not appearing, the Justice makes this entry: "Plaintiffs demand judgment against defendants for debt and costs. It is therefore adjudged by this Court that plaintiffs have judgment rendered in their favor and against defendants by default for the sum of eighty-nine dollars and thirty-two cents, and fourteen dollars and fifty cents costs of suit.

"J. W. PHILLIPS, J. P."

In 1860, defendant Winspear, successor in the office of Phillips, issued execution on this judgment, reciting that "whereas, on ——, Warner & Shoufeld recovered judgment against Randall & Inos in the sum of ——, you are, therefore, hereby commanded to levy of the goods and chattels, lands and tenements of the said judgment debtors, not exempt from execution, the said sums," etc., "and make return," etc. This writ was issued at the request of Warner and was by him sent to defendant Jones, the Constable, who levied

on and sold the individual property of Inos, and out of the proceeds paid Warner the amount of his judgment.

Inos sues Winspear, the Justice who issued the execution, Jones, the Constable, and Warner, plaintiff in the writ, for damages for the wrongful seizure and sale of his property. The defendants justify under the judgment and writ, Warner claiming that, although the judgment could be only against the joint property of Randall & Inos, and the individual property of Randall, still, Inos, by neglecting to appeal or move to alter it, and especially by failing to notify the Constable who seized his individual property that it was such, had lost all remedy.

There was no evidence of any malice or wanton conduct on the part of any of the defendants—the case going off entirely upon the want of authority to seize the individual property of Inos.

General verdict for plaintiffs, $1,536. Judgment accordingly as is inferred, though no judgment appears in the record.

From the statement in the briefs, it seems the Court below granted a new trial as to Jones only. Defendants Winspear and Warner appeal.

*Jo. Hamilton* and *Hale & Smith*, for Appellants, cited Cowen's Treatise, secs. 17–21; 3 Cow. 206; 17 Johns. 145; Wood's Dig. 179, art. 806; Id. 194, art. 945, sec. 211; 2 John's cases, 47.

*Tuttle & Hillyer*, for Respondent, cited Prac. Act, sec. 211; Cowen's Treatise, sec. 1572–3; 2 Hill, 204; 5 Wend. 170, and cases cited; 1 Id. 210; Edwards' Treat. 18.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

. This is an action to recover damages for the seizure of certain personal property under an execution issued upon a judgment claimed to be void as against the plaintiff. The judgment was rendered by a Justice of the Peace in an action brought by defendant Warner against the plaintiff and one Randall, and there is no doubt whatever of its invalidity. The record of the proceedings in the case shows that no jurisdiction had been acquired of the per-

son of the plaintiff, and the judgment was therefore, as to him, *coram non judice.*

The judgment being a nullity, the only remaining question is as to the liability of the appellants, and on this point we have as little doubt as upon the other. The judgment was entered against the plaintiff and his codefendant jointly, and the execution directed the officer to make the amount out of the property of the judgment debtors. There was no special direction as to the property to be taken, but the language was sufficiently broad to authorize the seizure of the individual property of either of the parties. Under these circumstances the liability of the Justice who issued the execution is beyond question, and the evidence shows that the plaintiff in the execution is also liable. The execution was issued at his request, and he afterwards participated in the proceedings under it. There is not even the merit of plausibility in the grounds of defense relied on.

Judgment affirmed.